**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-00496-REB-MEH

STEVEN A. STENDER,
HAROLD SILVER, and
INFINITY CLARK STREET OPERATING, L.L.C.,
on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

ERP OPERATING LIMITED PARTNERSHIP,
EQUITY RESIDENTIAL,
AVALONBAY COMMUNITIES, INC.,
LEHMAN BROTHERS HOLDINGS INC.,
ARCHSTONE ENTERPRISE LP, and
ARCHSTONE, INC.,

      Defendants.

---

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

---

**Blackburn, J.**

This matter is before me on the **Plaintiffs' Motion for Temporary Restraining Order** [#3][1] filed February 25, 2013.  The defendants filed a responses [#21 & #22].  On February 28, 2013, I conducted a hearing on the motion for temporary restraining order at which I received evidence and argument.  At the hearing defendants Lehman Brothers Holdings, Inc., Archstone Enterprise, LP, and Archstone, Inc. tendered two exhibits, marked as Defendants Exhibits 1 and 2, which were admitted in evidence without objection.  Aside from those two exhibits, the parties did not present testimony

---

[1]  "[#3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

or admit other evidence.

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332(d)(2), which concerns class actions in which the amount in controversy exceeds 5,000,000 dollars.

## II. STANDARD OF REVIEW

The plaintiffs assert claims under the statutory and common law of Colorado. The plaintiffs seek a temporary restraining order imposing a constructive trust or receivership on the assets of defendants Archstone Enterprise LP and Archstone, Inc. (collectively "Archstone") or, in the alternative, preventing the sale of Archstone's assets. According to the plaintiffs, a sale of Archstone's assets was scheduled to close on Friday, March 1, 2013. With the filing of the defendants' responses, the court and the plaintiffs learned that the planned sale was closed on February 27, 2013.

According to the plaintiffs, because their claim for injunctive relief is based on Colorado statutory and common law, the relevant substantive provisions of Colorado law guide a determination of whether the plaintiffs are entitled to a temporary restraining order. Under Colorado law, a temporary restraining order may be granted if the plaintiff shows "(1) a reasonable probability of success on the merits; (2) a danger of real, immediate, and irreparable injury which may be prevented by injunctive relief; (3) lack of a plain, speedy, and adequate remedy at law; (4) no disservice to the public interest; (5) balance of equities in favor of the injunction; and (6) preservation by the injunction of the status quo pending a trial on the merits." ***Gitlitz v. Bellock***, 171 P.3d 1274, 1278 (Colo. Ct. App. 2007) (concerning a motion for preliminary injunction).

Similarly, under federal law, a party seeking a temporary restraining order or preliminary injunction must show: (1) that the movant has a substantial likelihood of

eventual success on the merits; (2) that the movant will suffer imminent and irreparable

injury unless the injunction issues; (3) that the threatened injury to the movant

outweighs whatever damage the proposed injunction may cause the opposing party;

and (4) that the injunction, if issued, would not be adverse to the public interest.

*Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980); *Heideman v. S. Salt Lake City*,

348 F.3d 1182, 1189 (10th Cir. 2003) (irreparable injury must be imminent).  In addition,

a party seeking a temporary restraining order also must demonstrate clearly, with

specific factual allegations, that immediate and irreparable injury will result absent a

temporary restraining order.  FED. R. CIV. P. 65(b).

These two standards are nearly identical.  Because the two standards, as applied

to this case, are nearly identical, I need not determine whether the state standard or the

federal standard is applicable in this case.  Under either standard, I conclude that the

plaintiff has not made the showing necessary to justify the entry of a temporary

restraining order, the imposition of a constructive trust, or the appointment of a receiver.

### III.  BACKGROUND

In a separate, but related, lawsuit, the plaintiffs assert claims against the

Archstone-Smith Operating Trust, the Archstone-Smith Trust, Lehman Brothers

Holdings, Inc., and several other defendants.  *Stender v. Archstone-Smith Operating*

*Trust, et al.*, Case No. 07-cv-02503 (D. Colo.).  This case is assigned to United States

District Judge William J. Martinez.  Arbitration of some of the claims asserted in Judge

Martinez's case was completed recently, but no decision has been issued by the

arbitrator.  The non-arbitrable claims have been stayed pending completion of the

arbitration.  Of course, the plaintiffs are hopeful that they will obtain a judgment in their

favor in Judge Martinez's case, but no judgment has entered in that case.

The plaintiffs' claims in Judge Martinez's case are based on ownership by the plaintiffs of interests in the two Archstone trusts. These interests are known as A-1 Units. The plaintiffs claim their interests were not treated properly when the Archstone trusts merged with other entities in 2007. As a result of the merger, some of the plaintiffs exchanged their A-1 Units for interests in Archstone Enterprise LP. These interests are known as Series O Units. Other plaintiffs cashed out their A-1 Units as a result of the merger. In Judge Martinez's case, the plaintiffs assert claims based on alleged wrongful actions taken during the merger which harmed holders of the A-1 Units.

In the present case, the plaintiffs allege that Archstone Enterprise LP is about to dispose of all of its assets in a sale. The proceeds of the sale, the plaintiffs contend, are to be distributed to Lehman Brothers Holdings, Inc. Lehman Brothers holds a substantial interest in the Archstone Enterprises LP. Lehman Brothers is a debtor in a bankruptcy reorganization proceeding. According to the plaintiffs, if Archstone Enterprises LP sells all of its assets and distributes the proceeds of the sale to Lehman Brothers, then Archstone Enterprises LP will have no assets with which it can pay the amounts due plaintiffs under the terms applicable to the Series O Units, and will have no assets to satisfy any judgment entered against related Archstone entities in Judge Martinez's case.

A sale of the assets of Archstone Enterprises LP was closed on February 27, 2013. The terms of the sale are reflected in an Asset Purchase Agreement (APA). *Memorandum in support of motion* [#3-1], Exhibit A. Evidence presented at the hearing indicates that, as a result of the closing of the purchase reflected in the APA, Archstone Enterprises LP now holds approximately four billion dollars worth of stock in two of the

entities that purchased assets from Archstone Enterprises LP under the terms of the

APA.  Apparently, the stock will be registered in the name of Lehman Brothers and

Archstone Enterprise LP.  However, it is not entirely clear whether Archstone Enterprise

LP shares ownership of this stock with Lehman Brothers.  The plaintiffs now ask the

court to enter an order imposing a trust on this stock and restrain its disposition.

## IV.  ANALYSIS

The plaintiffs assert three claims in their complaint.  First, they assert a claim

against Archstone Enterprise LP under §18-8-105, C.R.S. That statute provides a cause

of action based on transfers that are fraudulent as to present or future creditors.

Second, they assert a claim of civil conspiracy against all defendants, alleging that the

defendants conspired to accomplish a fraudulent transfer of the proceeds of the sale of

the assets of Archstone Enterprise LP.  Third, they assert a claim of aiding and abetting

the allegedly fraudulent transfer.

### A.  Likelihood of Success on the Merits

Under §18-8-105, C.R.S., a transfer of assets is fraudulent as to a creditor if the

transfer is made with "actual intent to hinder, delay, or defraud any creditor" or without

"receiving a reasonably equivalent value in exchange for the transfer . . . ."  This statute

is the basis of the plaintiffs' first claim.  The plaintiffs' second and third claims, claims of

civil conspiracy and aiding and abetting, both require a showing that a transfer which

constitutes fraud on creditors, as defined in §18-8-105, has occurred.

I conclude that the plaintiffs have presented any evidence that demonstrates a

reasonable probability of success or a substantial likelihood of success on the merits of

any of their three state law claims.  The only evidence offered by the plaintiffs is the

APA and an SEC form 8-K filed by Avalonbay Communities, Inc.  *Memorandum in*

*support of motion* [#3-1], Exhibits A & B.  The form 8-K contains certain information about the APA and Avalonbay's role as a buyer under the APA.  However, neither of these documents tend to show that Archstone Enterprise LP, or any other defendant, entered into the APA or participated in the transaction reflected in the APA with intent to hinder, delay, or defraud  Archstone Enterprise LP's creditors, including the plaintiffs.  Notably, certain provisions of the APA address claims by holders of Series O Units and claims asserted in Judge Martinez's case.  *APA*, ¶¶ 13.6, 14.2 - 14.4.  Generally, these provisions tend to protect the ability of the plaintiffs to recover on the Series O Units and, potentially, on any judgment in Judge Martiniez's case. These provisions show an intent to address the plaintiffs' claims rather than an intent to hinder, delay, or defraud the plaintiffs.  Similarly, neither Exhibit A nor Exhibit B tend to show that Archstone Enterprise LP received less than a reasonably equivalent value in exchange for the assets it sold under the APA.

Give the lack of evidence on these two fronts, I cannot conclude that the plaintiffs have shown a reasonable probability of success or a substantial likelihood of success on the merits of the claims they assert in the complaint.

B.  Irreparable Injury

To establish irreparable injury for the purpose of a temporary restraining order, the plaintiffs must show that they will suffer irreparable injury and that the irreparable injury is of such imminence that there is a clear and present need for equitable relief to prevent the harm.  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).  Generally, an injury is considered to be irreparable when it is incapable of being fully compensated for in damages or where the measure of damages is so speculative that it would be difficult if not impossible to correctly arrive at the amount of the

damages. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotation and citation omitted). *See also Gitlitz v. Bellock*, 171 P.3d 1274, 1279 (Colo. App. 2007).

According to the plaintiffs, if Archstone Enterprise LP is permitted to complete the sale reflected in the APA and transfer all of its assets to Lehman Brothers, Archstone Enterprise LP will be rendered permanently insolvent. In that circumstance, the plaintiffs assert, the plaintiffs will not be able to recover from Archstone Enterprise LP damages tied to the plaintiffs' claims. Arguably, such circumstances would render the plaintiffs' claims incapable of being fully compensated in damages.

Given the evidence currently in the record, I conclude that the plaintiffs have not demonstrated that they will suffer irreparable injury absent a temporary restraining order. First, as discussed above, the evidence shows that Archstone Enterprise LP now holds significant assets as a result of the closing of the APA. Counsel for the plaintiffs appears to suspect that these assets will be transferred from Archstone Enterprise LP to Lehman Brothers or another entity, but there is no evidence in the record to substantiate that suspicion. Rather, the evidence shows that Archstone Enterprise LP now owns four billion dollars worth of stock, possibly jointly with Lehman Brothers. Further, the APA contains provisions which address claims by holders of Series O Units and claims asserted in Judge Martinez's case. *APA*, ¶¶ 13.6, 14.2 - 14.4. These are the claims on which the plaintiffs wish to collect from Archstone Enterprise LP. These provisions in the APA tend to protect the ability of the plaintiffs to recover on the Series O Units and, potentially, on any judgment in Judge Martiniez's case. Given these circumstances, I cannot conclude that the plaintiffs' ability to obtain compensation from Archstone

Enterprise LP will be forever lost absent a temporary restraining order.

### C.  Conclusion

Having considered the evidence presented, arguments advanced, and authorities

cited by the parties in the **Plaintiffs' Motion for Temporary Restraining Order** [#3]

and the defendants' responses [#21 & #22], together with the  evidence submitted,

arguments advanced, and authorities cited at the hearing, I find and conclude that the

plaintiffs have not demonstrated that they are entitled to a temporary restraining order or

other related equitable or statutory relief.  The plaintiffs have not shown a reasonable

probability or a substantial likelihood of success on the merits, nor have they shown that

they will suffer immediate and irreparable injury absent a temporary restraining order.

Given the plaintiffs' failure to establish these two elements, I decline to address the

other relevant factors.

### V.  ORDER

**THEREFORE, IT IS ORDERED** that the **Plaintiffs' Motion for Temporary**

**Restraining Order** [#3] filed February 25, 2013, is **DENIED**.

Dated March 1, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge